1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOSHUA NEIL HARRELL,                          No.  2:14-cv-1690 CKD P

12                      Plaintiff,

13           v.                                      ORDER

14    SOLANO COUNTY JAIL, et al.,

15                      Defendants.

16

17           Plaintiff is a county jail inmate proceeding pro se and in forma pauperis.  Before the court

18    for screening is plaintiff's First Amended Complaint.  (ECF No. 14.)

19           The court is required to screen complaints brought by prisoners seeking relief against a

20    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

21    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

22    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

23    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

24           In order to avoid dismissal for failure to state a claim a complaint must contain more than

25    "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

26    of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

27    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

28    statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

                                                     1

1    upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

2    claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

3    the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

4    at 1949.

5         Here, plaintiff alleges that defendant Officer O'Weary at the Solano County Jail denied

6    him a dinner tray, threatened to beat him, and "threw away" his inmate appeals, which were

7    "never seen again," such that plaintiff had to re-write his appeals.  (ECF No. 14 at 4-5.)

8         An inmate may state a cognizable First Amendment claim based on retaliation for

9    protected conduct, such as filing administrative grievances.  To prevail on a First Amendment

10   retaliation claim, plaintiff must show: (1) an adverse action against him; (2) because of; (3) his

11   protected conduct, and that such action; (4) chilled his exercise of his First Amendment rights;

12   and (5) the action did not reasonably advance a legitimate correctional goal.  Rhodes v. Robinson,

13   408 F.3d 559, 567–68 (9th Cir. 2005).  Here, plaintiff's allegations are too vague and conclusory

14   to state a First Amendment claim against O'Weary.

15        Plaintiff further alleges that "[a]s a result of filing this grievance, [defendant Classification

16   Officer Dessel] moved me out of the dorm to cell living subject to 20+ hour a day lockdown."

17   (ECF No. 14 at 5.)  Without more, this conclusory allegation also fails to state a First Amendment

18   claim.

19        Plaintiff's allegations against Sheriff Ferrara and the Solano County jail fail to cure the

20   defects of the original complaint.  (See ECF No. 4 at 3-5.)  Nor does plaintiff state a cognizable

21   §1983 claim against any other defendant.

22        The court will grant plaintiff one final opportunity to amend in an attempt to state a claim.

23   Failure to timely file an amended complaint will result in a recommendation that this action be

24   dismissed.

25        In accordance with the above, IT IS HEREBY ORDERED that:

26        1.  The First Amended Complaint (ECF No. 14) is dismissed with leave to amend; and

27        2.  No later than thirty days from the date of this order, plaintiff shall file a Second

28   Amended Complaint that complies with all applicable rules.  (See ECF No. 4.)  Failure to do so

1   will result in a recommendation that this action be dismissed.

2   Dated:  April 14, 2015

3   _____
    CAROLYN K. DELANEY

4   UNITED STATES MAGISTRATE JUDGE

9   2 / harr1690.fac

3