UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA NEIL HARRELL,<br><br>  Plaintiff,<br><br>  v.<br><br>SOLANO COUNTY JAIL, et al.,<br><br>  Defendants. | No. 2:14-cv-1690 TLN CKD P<br><br><br><br>ORDER |

This pro se prisoner action pursuant to 42 U.S.C. § 1983 proceeds against defendant O'Weary. In the operative complaint filed October 14, 2014, plaintiff alleges that O'Weary retaliated against him for filing grievances, violating the First Amendment. (ECF No. 1; see ECF Nos. 4 & 17.) Discovery in this action closed on December 4, 2015. (ECF No. 26.) Before the court are eight discovery motions filed by plaintiff.

I. Legal Standard

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P.

1

37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012).

II. Analysis

A. ECF No. 37

Plaintiff constructively filed this motion on October 2, 2015. (ECF No. 37.) He seeks "discovery assistance" with the depositions of eight non-party witnesses.

Earlier, plaintiff served defendant with six sets of written deposition questions directed to non-party witnesses. (ECF No. 37 at 5-26; ECF No. 41 at 2.) Defendant objected to plaintiff's attempt to depose these persons by written questions. (ECF No. 37 at 28-50; ECF No. 41 at 2.) Plaintiff now seeks to compel the written depositions of these witnesses, along with an award of $3,150 to cover his litigation expenses.

Defendant argues that the motion should be denied because plaintiff has not followed the procedures set forth in Federal Rule of Civil Procedure 31, has shown no ability to pay for such depositions, and is not entitled to an award of fees. (ECF No. 41.) Plaintiff has filed a reply. (ECF No. 46.)

Under Rule 31(a)(1) of the Federal Rules of Civil Procedure, "[a] party may, by written questions, depose any person, including a party, without leave of court except as provided in Rule 31(a)(2). The deponent's attendance may be compelled by subpoena under Rule 45." As one court explained:

> A deposition upon written questions is covered by Rule 31 of the Federal Rules of Civil Procedure. The deposition upon written questions basically would work as follows. The prisoner would send out a notice of deposition that identifies (a) the deponent (i.e., the witness), (b) the officer taking the deposition, (c) a list of the exact questions to be asked of the witness, and (d) the date and time for the deposition to occur. The defendant would have time to send to the prisoner written cross-examination questions for the witness, the prisoner would then have time to send to defendant written re-direct questions for the witness, and the defendant would have time to send to the prisoner written re-cross-examination questions for the witness[.]

1  Brady v. Fishback, 2008 WL 1925242, at **1-2 (E.D. Cal. April 30, 2008), citing Lopez v. Horel,
2  2007 WL 2177460, at *2, n. 2 (N.D. Cal. July 27, 2007).  "Plaintiff's in forma pauperis status ...
3  does not entitle him to waiver of witness fees, mileage or deposition officer fees."  Jackson v.
4  Woodford, 2007 WL 2580566, at *1.  (S.D. Cal. August 17, 2007).

5  Here as in Jackson, plaintiff has not designated a deposition officer or notified the
6  deponents of the time, place and manner of deposition.  2007 WL 2580566, at *1.  Nor has
7  plaintiff shown he can pay any of the costs associated with written depositions, including fees for
8  a deposition officer and court reporter, the cost of transcribing the deposition, and witness fees
9  and mileage under Rule 45(b)(1).  As one court has observed:  "If plaintiff wants to depose [a
10 witness] on written questions, plaintiff needs to set up such a deposition, arrange for a court
11 reporter and arrange for the attendance of the witness.  It is not defendant's obligation or the
12 court's obligation to do so."  Lopez, 2007 WL 2177460, at *2.  The court further noted that a
13 Rule 31 deposition "may sound like an inexpensive way for a prisoner to do discovery but usually
14 is not."  Id., n.2.  As plaintiff's indigent status does not entitle him to a waiver of fees and he has
15 not met the Rule 31 requirements, the court will deny this motion.

16 B.  ECF No. 39

17 Plaintiff constructively filed this motion on October 5, 2015, seeking production of
18 documents that were the subject of his September 2, 2015 discovery request.  (ECF No. 39.)

19 Defendant opposes the motion as premature, pointing out that, per the Discovery and
20 Scheduling Order, discovery responses were due 45 days after the requests were served.  (See
21 ECF No. 26 at 4.)  Defendant served a response to plaintiff's document requests on October 19,
22 2015.  (ECF No. 40 at 2.)

23 Plaintiff filed a reply citing Rule 34(b)(2)(A), providing that a party must respond to
24 document requests within 30 days after being served.  (ECF No. 48.)  However, the rule
25 continues: "A shorter or longer time may be . . . ordered by the court."

26 ////
27 ////
28 ////

3

Because plaintiff filed this motion before the response to his document request was due, the court will deny the motion as premature.[1]

C. ECF No. 42

Plaintiff constructively filed this motion on October 15, 2015, seeking responses to interrogatories he served on September 14, 2015. (ECF No. 42.) Defendant filed an opposition (ECF No. 45), and plaintiff filed a reply (ECF No. 49).

As noted above, per the scheduling order, responses to written discovery requests were due 45 days after the requests were served. Respondent served a response to the interrogatories on October 27, 2015. (ECF No. 45 at 2.) Thus this motion also will be denied as premature.

D. ECF No. 51

In this motion, plaintiff seeks an order compelling defendant to "fully answer" his first set of interrogatories. (ECF No. 51.) The interrogatories and defendant's responses are attached. (Id.) Defendant filed an opposition. (ECF No. 59.)

Plaintiff has not carried his burden to show why defendant's responses are inadequate or his objections unjustified. See Williams v. Cate, 2011 WL 6217378 at *1 (E.D. Cal. Dec. 14, 2011) ("Plaintiff bears the burden of informing the Court . . . for each disputed response, why Defendant's objection is not justified. . . . Plaintiff may not simply assert that he has served discovery responses, that he is dissatisfied, and that he wants an order compelling further responses."), citing Ellis v. Cambra, 2008 WL 860523 at *4 (E.D. Cal. Mar. 27, 2008). Because plaintiff does not show why defendant's responses to specific requests are deficient, the court will deny the motion.

E. ECF No. 52

In this motion, plaintiff again asserts that defendant did not timely respond to his first set of interrogatories. (ECF No. 52; see ECF No. 42.) This motion will be denied for the reasons set forth above.

---

[1] In this and other motions, plaintiff seeks an order directing defendant to reimburse him for the cost of litigating the motion, including "attorney's fees." Plaintiff is entitled to no such reimbursement, nor to attorney's fees, as he is proceeding pro se.

4

F.  ECF No. 53

In this motion, plaintiff seeks a 60-day extension of time to conduct additional discovery, as he "has not had adequate time to produce [and] compel from the defendants." (ECF No. 53.) Defendant filed an opposition (ECF No. 55), and plaintiff filed a reply (ECF No. 65).

Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id.

The record reflects that plaintiff timely served document requests and interrogatories on defendant and received responses. (ECF No. 55 at 2.) Plaintiff does not explain why he could not serve additional discovery requests despite his diligence, nor does he specify what additional discovery he hopes to obtain. Rather, he offers generalities such as "limited access to the law library," "lack of adequate time," and the need to conduct "significant research." (ECF No. 65.) As plaintiff fails to show good cause to modify the scheduling order, the court will deny this motion.

G.  ECF No. 54

In this motion, plaintiff seeks to compel responses to his requests for admissions, served on defendant on October 23, 2015. (ECF No. 54.)

In his opposition, defendant argues that he properly objected to the requests as untimely because they were served less than 60 days prior to the close of discovery on December 4, 2015 as required by the scheduling order. (ECF No. 57; see ECF No. 26 at 5.)

Despite his pro se status, plaintiff is not entitled to any latitude for the untimeliness. See Fingerhut Corp. v. Ackra Direct Mktg. Corp., 86 F.3d 852, 856–57 (8th Cir. 1996) (stating that pro se representation does not excuse a litigant from complying with court orders); Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir. 1991) (explaining that courts should liberally construe pro se plaintiffs' legal arguments and strictly construe their compliance with procedural requirements);

5

see also <u>Carter v. Comm'r of Internal Revenue</u>, 784 F.2d 1006, 1008–09 (9th Cir. 1986) (noting that pro se plaintiffs must follow the rules of the court).

    Here, plaintiff served requests for admissions on defendant less than 60 days prior to the discovery deadline.  He has not shown good cause for the delay such as would warrant modification of the scheduling order, as set forth above.  Because defendant's objection for untimeliness was proper, this motion will be denied.

H.  <u>ECF No. 67</u>

    In this "supplemental motion" to ECF No. 37, plaintiff seeks to compel written depositions from two non-party witnesses.  (ECF No. 67.)  For the reasons set forth above, this motion will be denied.

    Moreover, plaintiff's filing of frivolous motions is a burden on this court and impedes the proper prosecution of this action.  Plaintiff's future filings shall therefore be limited as set forth below.

    Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first motion to compel (ECF No. 37) is denied;

2. Plaintiff second motion to compel (ECF No. 39) is denied;

3. Plaintiff's third motion to compel (ECF No. 42) is denied;

4. Plaintiff's motion for court order (ECF No. 51) is denied;

5. Plaintiff's motion for supplemental order (ECF No. 52) is denied;

6. Plaintiff's motion for extension of time to conduct additional discovery (ECF No. 53) is denied;

7. Plaintiff's fourth motion to compel (ECF No. 54) is denied;

8. Plaintiff's supplemental motion to compel discovery (ECF No. 67) is denied; and

9. Plaintiff may only file the following documents:

    a. One dispositive motion, limited to one memorandum of points and authorities in support of the motion and one reply to any opposition;

    b. One opposition to any motion filed by defendants (and clearly titled as such);

    c. Only one non-dispositive motion pending at any time.  Plaintiff is limited to one

memorandum of points and authorities in support of the motion and one reply to any opposition; and

        d. One set of objections to any future findings and recommendations.

Failure to comply with this order shall result in improperly filed documents being stricken from the record and may result in a recommendation that this action be dismissed.

Dated:  December 11, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / harr1690.mtc